United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE JACKSON, | Case No.  22-cv-02246-JCS |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE RE REVIEW UNDER 28 U.S.C. § 1915** |
| MENLO PARK POLICE DEPARTMENT, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff in this action is proceeding pro se. The Court has granted Plaintiff's application to proceed in forma pauperis and therefore is required to review the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B).  For the reasons set forth below, the Court finds that Plaintiff's claims are insufficiently pled.   Therefore, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed.  Plaintiff shall file a response to this Order addressing why his claims are sufficiently pled no later than May 27, 2022. Alternatively, Plaintiff may attempt to cure the deficiencies identified herein by filing an amended complaint by the same date.

## II.    BACKGROUND

### A.    The Complaint

In his Complaint, Plaintiff asserts a civil rights claim "for harassment and racial profiling and sexual assault" against the Menlo Park Police Department based on the allegation that it is "having [him] on satellite[e] camera sexually assaulting [him]."  Complaint at ECF p. 3. He

1    further alleges that the Menlo Park Police Department is "monitoring [him] without a warrant they

2    monitor [his] penis and [his] body parts with a satellite camera and social media without a

3    warrant." *Id.* at ECF p. 5-8.[1] He also alleges that FBI Agent "Ed Soar's" is monitoring him and

4    harassing him without a warrant, though that individual is not named as a defendant. *Id.* at ECF

5    p. 6.

6        **B.    The TRO Motion**

7            Plaintiff has filed a motion for a temporary restraining order "because the Menlo Park

8    Police [Department] keep harassing [him]." Dkt. no. 4.

9    **III.    ANALYSIS**

10       **A.    Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)**

11           Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave

12   to proceed in forma pauperis, courts must engage in screening and dismiss any claims which:

13   (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

14   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

15   *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

16           To state a claim for relief, a plaintiff must make "a short and plain statement of the claim

17   showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be

18   dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6);

19   *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir.

20   2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of

21   material fact in the complaint as true and construe[s] them in the light most favorable to the non-

22   moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975

23   (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is

24   inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S.

25   662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not

26   necessarily assume the truth of legal conclusions merely because they are cast in the form of

27

28   ───────────────
     [1] This allegation is repeated on each of these pages.

factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id*. (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B.   Discussion

Based on Plaintiff's allegation that his civil rights are being violated because he is being monitored without a warrant, the Court construes Plaintiff's complaint as asserting a claim under 42 U.S.C. § 1983 based on the Fourth Amendment right to be free from unreasonable searches and seizures. As pled, however, Plaintiff's complaint fails to state any viable claim.

First, in naming the Menlo Park Police Department as a defendant, Plaintiff has not named a proper defendant. A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Individual officers are considered "persons" within the meaning of § 1983, as are local governmental units, such as counties or municipalities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, (1989). However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-

United States District Court
Northern District of California

United States District Court
Northern District of California

1   96 (N.D.Cal.1996) (holding that "naming a municipal department as a defendant is not an

2   appropriate means of pleading a § 1983 action against a municipality," and dismissing the Santa

3   Clara Department of Corrections from the action).  Therefore, Plaintiff fails to state a claim as to

4   the Menlo Park Police Department.

5        Second, to state a claim under 42 U.S.C. § 1983, Plaintiff must plausibly allege a violation

6   of a federal statute or constitutional right.  Plaintiff apparently seeks to assert a claim for violation

7   of his rights under the Fourth Amendment.[2]  "The touchstone of Fourth Amendment analysis is

8   whether a person has a 'constitutionally protected reasonable expectation of privacy.' " *California*

9   *v. Ciraolo*, 476 U.S. 207, 211 (1986) (quoting *Katz v. United States*, 389 U.S. 347, 360(1967)

10  (Harlan, J., concurring)).  That question, in turn, involves a two-step inquiry:  1) "has the

11  individual manifested a subjective expectation of privacy in the object of the challenged search;"

12  and 2) "is society willing to recognize that expectation as reasonable?"  *Id.* (citations omitted).  In

13  *Ciraolo*, the Court held that a warrant was not required where police officers flew over the

14  defendant's house and from publicly navigable airspace photographed marijuana plants in the yard

15  that could readily be seen from above using a standard 35 millimeter camera.  *Id.*  at 213-214. The

16  court reasoned that while the defendant had a subjective expectation of privacy, that expectation

17  was not reasonable under the facts of that case.  *Id.* at 214.  The Court suggested, however, that it

18  might have reached a different result if the police officers had conducted a warrantless search that

19  was more  "physical[ly] intrusiveness" or used "modern technology which discloses to the senses

20  those intimate associations, objects or activities otherwise imperceptible to police or fellow

21  citizens."  *Id.*  at 215 n.3.

22       Here, Plaintiff has alleged no specific facts regarding the circumstances under which the

23  alleged monitoring occurred.  Further, although Plaintiff references "social media" it is not clear

24  how social media is related to his claim.  Under these circumstances, the allegations are

25  insufficient to give rise to a plausible inference his Fourth Amendment rights have been violated

26

27  _____

28  [2] To the extent Plaintiff's conclusory reference to racial profiling suggests he may be attempting to assert a claim for violation of his right to equal protection under the Fourteenth Amendment, the claim is insufficiently pled because Plaintiff has alleged no supporting facts.

under the standard articulated above.  The Court also notes that although courts generally accept as true the factual allegations contained in the complaint when reviewing the sufficiency of the allegations under 28 U.S.C. § 1915, that standard does not apply where the allegations are clearly baseless or fanciful.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  That appears to be the case here.

Finally, to the extent that Plaintiff seeks to assert a claim against an FBI agent who allegedly engaged in the same activities as the Menlo Park Police Department, that claim would be asserted under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971), which under narrow circumstances authorizes a suit for damages against a federal officer for violations of an individual's constitutional rights, including the Fourth Amendment.  However, the factual allegations in the Complaint as to the FBI agent's conduct, like those relating to the Menlo Park Police Department, do not give rise to a plausible inference that the agent violated Plaintiff's Fourth Amendment rights (or any other federal constitutional or statutory right).  Therefore, that claim would fail as well if Plaintiff were to amend the complaint to add the FBI agent as a defendant.

## IV.    CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff has failed to state any viable claim.[3]  Plaintiff shall file a response to this Order addressing why his claims are sufficiently pled no later than May 27, 2022.  Alternatively, Plaintiff may attempt to cure the deficiencies identified herein by filing an amended complaint by the same date.  Any amended complaint must include the caption and civil case number used in this order (22-cv-2246) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amendment may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

---

[3] The Court does not rule on Plaintiff's request for a Temporary Restraining Order at this time.

1     Plaintiff is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for

2 assistance as he continues to pursue this case. Lawyers at the Help Desk can provide basic

3 assistance to parties representing themselves but cannot provide legal representation. Although in-

4 person appointments are not currently available due to the COVID-19 public health emergency,

5 Plaintiff may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a

6 telephonic appointment.

7     **IT IS SO ORDERED.**

8

9 Dated:  April 27, 2022

10     _____

11     JOSEPH C. SPERO
       Chief Magistrate Judge

United States District Court
Northern District of California

6